UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| MICHAEL SHAWN HOULIHAN, | ) | No. CV-07-266-LRS |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING** |
| | ) | **MOTION TO DISMISS** |
| v. | ) | |
| | ) | |
| CITY OF LIBERTY LAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BEFORE THE COURT** is the Defendants' Motion To Dismiss Plaintiff's State-Law Claims (Ct. Rec. 3).

The Plaintiff has not responded to the motion within the time allowed.  A failure to timely file a memorandum of points and authorities in opposition to any motion may be considered as consent on the part of the party failing to file such memorandum to the entry of an order adverse to the party in default.  LR 7.1(h)(5).

**I.  BACKGROUND**

Plaintiff filed a complaint in Spokane County Superior Court on July 20, 2007 which was removed to this court on August 17, 2007 on the basis of federal question jurisdiction.  (Ct. Rec. 1).  The complaint alleges claims under 42 U.S.C. §1983, as well as common law claims under state law.  Defendants seek dismissal of the state law claims, asserting Plaintiff did not comply with the requirements

**ORDER GRANTING**
**MOTION TO DISMISS-         1**

1  under RCW 4.96.020 for properly presenting those claims to the City of Liberty
2  Lake.

3

4  **II. DISCUSSION**

5     **A. Applicable Standard**

6     It appears Defendants' motion is pursuant to Fed. R. Civ. P. 12(b)(6)
7  (failure to state a claim upon which relief can be granted).  If on such a motion,
8  matters outside the complaint are presented and not excluded, the motion shall be
9  treated as one for summary judgment as provided in Fed. R. Civ. P. 56.  Defendant
10  presents an "Affidavit Of Arlene Fisher" as an attestation to when the City of
11  Liberty Lake first received notice of Plaintiff's tort claims.  (Ct. Rec. 9).
12  Accordingly, the motion shall be treated as one for summary judgment.

13     The purpose of summary judgment is to avoid unnecessary trials when there
14  is no dispute as to the facts before the court.  *Zweig v. Hearst Corp.*, 521 F.2d
15  1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975).  Under Fed. R.
16  Civ. P. 56, a party is entitled to summary judgment where the documentary
17  evidence produced by the parties permits only one conclusion.  *Anderson v.*
18  *Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v.*
19  *Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  Summary judgment is precluded if
20  there exists a genuine dispute over a fact that might affect the outcome of the suit
21  under the governing law.  *Anderson*, 477 U.S. at 248.

22     The moving party has the initial burden to prove that no genuine issue of
23  material fact exists.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475
24  U.S. 574, 586, 106 S.Ct. 1348 (1986).  Once the moving party has carried its
25  burden under Rule 56, "its opponent must do more than simply show that there is
26  some metaphysical doubt as to the material facts."  Id.  The party opposing
27  summary judgment must go beyond the pleadings to designate specific facts
28  establishing a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325,

**ORDER GRANTING**
**MOTION TO DISMISS-**          **2**

106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the non-movant. *Matsushita*, 475 U.S. at 587. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

**B. RCW 4.96.020**

RCW 4.96.020 provides the procedure for presenting claims for damages against local governmental entities and their agents. It states in relevant part:

> (3) All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. **If the claimant is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.**
>
> (4) No action shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

(Emphasis added).

Plaintiff's claim for damages was first presented to and filed with the City of Liberty Lake on May 23, 2007. (Affidavit of Arlene Fisher, Ct. Rec. 9). His action was filed in Spokane County Superior Court 58 days later on July 20, 2007.

**ORDER GRANTING
MOTION TO DISMISS-    3**

1  Plaintiff did not sign ("verify") the claim himself.  There is no indication the
2  Plaintiff was incapacitated, a minor, or a nonresident of the state absent therefrom
3  during the time within which the claim was required to be filed, such that his
4  attorney could properly verify the claim.  *Reyes v. City of Renton*, 121 Wn.App.
5  498, 503-04, 86 P.2d 155 (2004)(statute excepts only minors, nonresidents, or
6  incapacitated persons from personal verification requirements for a tort action
7  against a local governmental entity, and claimant must personally verify claim in
8  all other circumstances).  Accordingly, Plaintiff's claim did not comply with RCW
9  4.96.020(3) and (4).  Strict compliance is required with regard to the claim filing
10 procedures, such as verification, in actions against governmental entities.  *Reyes*,
11 121 Wn.App. at 502.  *See also Medina v. Public Utility Dist. No. 1 v. Benton*
12 *County*, 147 Wn.2d 303, 317-18, 53 P.3d 993 (2002)(strict compliance with 60-
13 day waiting period required even though the claim had been denied prior to
14 expiration of 60 day period).

15

16 **III.  CONCLUSION**

17      There is no genuine issue of material fact that Plaintiff's tort claim
18 presented to and filed with the City of Liberty Lake did not comply with the
19 requirements of RCW 4.96.020.  Accordingly, Defendants' Motion To Dismiss,
20 converted to a motion for summary judgment, is **GRANTED**.  Defendants are
21 awarded summary judgment on the state law claims alleged in Plaintiff's
22 complaint.

23      **IT IS SO ORDERED.**  The District Court Executive is directed to enter
24 this order and provide copies of it to counsel of record.

25      **DATED** this    10th    day of December, 2007.

26

27                    *s/Lonny R. Suko*
                    ───────────────────────────
28                    LONNY R. SUKO
                    United States District Judge

**ORDER GRANTING**
**MOTION TO DISMISS-          4**